United States District Court
Southern District of Texas
FILED

JAN 2 9 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Criminal No. B-98-124-01 |
| | § | (Civil No. B-02-191) |
| DORA CISNEROS | § | |

### CISNEROS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE HER REPLY AND ANSWER RESPONDING TO "RESPONDENT'S ANSWER TO SECTION 2255 MOTION, AND MOTION TO DISMISS", AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DORA CISNEROS (hereinafter referred to as Cisneros), by and through her counsel of record, David L. Botsford and A.J. "Tony" Canales, and presents this her Unopposed Motion For Extension Of Time To File Reply To "Respondent's Answer To Section 2255 Motion, And Motion To Dismiss", And Brief In Support, and as grounds therefore, would respectfully show this Honorable Court the following:

I.

On Friday, January 24, 2003, undersigned counsel (Botsford) received a copy of the Government's pleading styled "Respondent's Answer To Section 2255 Motion, And Motion To Dismiss." This pleading (which was apparently filed on January 21, 2003) is forty-six pages in length and necessitates a comprehensive response, particularly given the Government's assertions that all of Cisneros' claims should be summarily dismissed.

Undersigned counsel (Botsford) is responsible for preparing a reply to the Government's

pleading. Given undersigned counsel's (Botsford's) pre-existing time constraints,[1] an extension of time of sixty (60) days or until Tuesday, March 25, 2003, is respectfully requested so that Cisneros may be afforded sufficient time to fully and fairly respond to the Government's answer and motion to summarily dismiss all of the claims contained in her Section 2255 motion to vacate and set aside. While Cisneros does not have a Sixth Amendment right to effective counsel in connection with her Section 2255 motion, she does have a due process right to be heard. Counsel's pre-existing time constraints are such that without the requested extension, counsel (Botsford) cannot devote sufficient time to intelligently and succinctly respond to the Government's answer and motion to dismiss. Since Cisneros is entitled to only one Section 2255 motion, counsel respectfully requests that sufficient time be afforded, particularly since Cisneros is incarcerated and the Government cannot be prejudiced.

Indeed, on January 28, 2003, counsel for the Government, Mr. James Turner, authorized the undersigned (Botsford) to represent to the Court that the Government does not oppose this

---

[1] Mr. Botsford is involved in the potential retrials of two capital murder cases. The first involves the potential retrial of a 34 year old murder case (i.e., a new trial was granted by United States District Judge Sam Sparks in November 2002, and the Attorney General's appeal was recently dismissed by the Fifth Circuit in *Cockrell v. Durbin*, No. 02-51224). Although there has been no scheduling order entered as of yet in this case, Botsford is devoting substantial time to attempting to gather records essential for a bond reduction writ, reconstruction of the case, and the preparation of extensive pretrial motions). Additionally, the State has just reindicted Damom Richardson, a court appointed client for whom Mr. Botsford obtained relief from death row in March 2002. *Ex parte Richardson*, 70 S.W.3d 865 (Tex.Crim.App. 2002). The District Judge appointed to hear the Richardson case is in the process of reappointing Mr. Botsford and has indicated his desire to try the case in April or May 2003. Accordingly, Mr. Botsford must devote substantial time to this case immediately so as to put in motion all of the investigative and pretrial matters which are necessary to the trial of any death penalty case where the State is seeking death. Furthermore, Mr. Botsford just finished a 276 page state court brief (Daniel Garcia vs. State of Texas, Cause No. 04-02-00351-CR, Fourth Court of Appeals, San Antonio, Texas), which caused a massive backlog of state court proceedings due to the time allocated to that brief. Finally, Mr. Botsford has a complicated appellate brief due in the Fifth Circuit in 34 days in In Re Grand Jury Proceedings, Cause No. 02-51242 (on appeal from the Western District of Texas in Cause No. SA-02-CR-470-EP).

requested extension.

Finally, it is clear that this Honorable Court has the inherent authority to grant this motion (as it has previously granted the Government's unopposed motions for extension of time to respond to Cisneros' Section 2255 motion).

Respectfully submitted,

_____
DAVID L. BOTSFORD
State Bar No. 02687950
1307 West Avenue
Austin, Texas 78701
512-479-8030: Telephone
512-479-8040: Fax

A.J. "TONY" CANALES
State Bar No. 03737000
P.O. Box 5624
Corpus Christi, Texas 78465-5624
361-883-0601: Telephone
361-884-7023: Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been mailed, postage prepaid, via United States Mail, to Mr. James Turner, Assistant United States Attorney, Bank One Center, 910 Travis, Suite 1500, P.O. Box 61129, Houston, Texas, 77208-1129, on this the 28th day of January 2003.

_____
DAVID L. BOTSFORD