THE LAW OFFICE OF

# DAVID L. BOTSFORD

David L. Botsford*

1307 WEST AVENUE
AUSTIN, TEXAS 78701

Telephone: (512) 479-8030
Telecopier: (512) 479-8040
E-Mail: DBotsford @ aol.com

Walter C. Long
Frank Maloney, Of Counsel*
Kate Kelley, Of Counsel*

*Board Certified in Criminal Law
 Texas Board of Legal Specialization

August 24, 2004

Honorable Andrew S. Hansen
United States District Judge
Southern District of Texas
301 Federal Bldg.
600 E. Harrison Street
Brownsville, Texas 78520-7114

Re: CR. No. B-98-124 and C.A. No. B-02-191

Dear Judge Hansen:

  I am in receipt of your Order of August 19, 2004, which I received via facsimile on August 23, 2004, at approximately 7:30 p.m. Therein, you have directed counsel to file with the Court by September 3, 2004, a list of motions, issues and pleadings, if any, that are before the Court and ripe for rulings. Pursuant to the Court's Order, the following motions are before the Court and need to be addressed:

  1. Dora Cisneros' Motion To Vacate Sentence Under 28 U.S.C. Section 2255, filed on September 30, 2002. This motion to vacate was filed in the criminal case (i.e., CR. No. B-98-124), where it was assigned docket entry **150**. However, it was also given a civil cause number (C.A. No. B-02-191) and was assigned docket entry **1** therein.[1]

  2. The Government's answer to Cisneros' motion to vacate and motion to dismiss, filed on January 21, 2003 (docket entry **154** in CR. No. B-98-124 and docket entry **5** in C.A. No. B-02-191).

---

[1] The motion to vacate contains ten claims for relief, all of which focus upon various constitutional problems from the trial, appeal and/or disposition of the appeal by the United States Court of Appeals for the Fifth Circuit.

Honorable Andrew S. Hansen
August 24, 2004, Page 2

      3. Dora Cisneros' reply to the Government's answer and motion to dismiss, filed on March 25, 2003 (docket entry **156** in CR. No. B-98-124 and docket entry **8** in C.A. No. B-02-191).

      4. Dora Cisneros' motion for discovery with memorandum of authorities, filed on March 26, 2003 (docket entry **157** in C.R. No. B-98-124 and docket entry **9** in C.A. No. B-02-191).

      Essentially, this case involves a post-conviction motion to vacate Cisneros' criminal conviction under 28 U.S.C. Section 2255 and Cisneros' motion for discovery (including requests for depositions) and the Government's response (and motion to dismiss) thereto. Although the motion to vacate had originally been referred to United States Magistrate Judge John W. Black (on September 30, 2002, based upon the docket sheet in C.A. No. B-02-191), Judge Vela apparently took back the referral on October 4, 2002 (again, based on the docket sheet in C.A. No. B-02-191).

      On November 13, 2003, Judge Vela issued a preliminary order (docket entry **158** in CR. No. B-98-124). That preliminary order reflected criticism of the volume of materials filed by Cisneros, but also stated that in due course, he would address all of the issues. Unfortunately, the preliminary order failed to reflect the civil cause number, which is why it was not entered on the docket in C.A. No. B-02-191.[2]

      In response to Judge Vela's preliminary order, I sent a letter to Judge Vela on November 17, 2003 (copy attached since it is not reflected on the docket sheet in either case). Therein, I pointed out to Judge Vela that his preliminary order made reference to three of the four pleadings on file in the case (i.e., the motions reflected in numbered paragraphs 1, 2 and 3 above), but that it failed to mention Cisneros' motion for discovery (i.e., the motion reflected in numbered paragraph 4 above).

      I have not received any additional correspondence or orders from Judge Vela prior to his untimely death.

      Without intending to be presumptuous (and recognizing that the pleadings before you are voluminous and complicated),[3] Mr. Canales and I believe that the fourth motion listed above (i.e., the motion for discovery) should be addressed before a ruling on the merits would be ripe. Additionally, I should point out that the motion to vacate seeks an evidentiary hearing, but only after discovery has been granted.

---

    [2] I did not notice that fact at the time I received the preliminary order.

    [3] Each of the ten claims were drafted to be complete to avoid waiver and thus, there is some degree of repetition (for which I apologize).

Honorable Andrew S. Hansen
August 24, 2004, Page 3

    In light of the fact that my letter of November 17, 2003, was not entered on the docket in either case, I am sending duplicate originals of this letter to the District Clerk for filing in both cause numbers (along with a copy of the letter of November 17, 2003).

    I hope the foregoing adequately addresses the issues posed by your Order of August 19, 2004. If not, I will certainly do my best to rectify any deficiency.

Respectfully yours,

David L. Botsford

cc:

Mr. James Turner
Assistant U.S. Attorney
P.O. Box 61129
Houston, Texas 77208
Via United States Mail

Mr. Tony Canales
P.O. Box 5624
Corpus Christi, Texas 78465
Via United States Mail

United States District Clerk
Southern District of Texas
101 Federal Bldg.
600 E. Harrison Street
Brownsville, Texas 78520-7114
Via Federal Express