Case 1:02-cv-00191   Document 13   Filed in TXSD on 05/16/2005   Page 1 of 3

United States District Court
Southern District of Texas
ENTERED

MAY 1 6 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DORA GARCIA CISNEROS, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION No. B-02-191 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**ORDER DENYING MOTION FOR DISCOVERY**

**I. INTRODUCTION**

Pending before the Court is Petitioner, Dora Garcia Cisneros's (hereinafter "Cisneros") Motion for Discovery and Memorandum of Law in Support (Docket No. 9). Cisneros's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C § 2255 is also pending before the court. (Docket No. 1). Cisneros's §2255 Motion states ten claims for relief, which will be addressed in due course. Having reviewed the Motion for Discovery, the record, and the relevant law, the Court **DENIES** Cisneros's Motion for Discovery.

**II. BACKGROUND**

The underlying factual and procedural background of the instant case has been recited by the Fifth Circuit in a detailed panel opinion.[1]

**III. CISNEROS'S DISCOVERY MOTION**

In her Motion for Discovery[2], Cisneros seeks to obtain the deposition of the following

---

[1] *United States v. Cisneros*, 203 F.3d 333, 3339 (5th Cir. 2000).

[2] Such discovery motion was filed after Cisneros's §2255 motion was filed. However, this Court will first address Cisneros's Motion for Discovery (Docket No.9). In a separate order, the court will address Cisneros's §2255 Motion (Docket No. 1).

-1-

individuals: 1) FBI Special Agent Freddy Vela; 2) FBI Special Agent David Church; 3) Assistant United States Attorney Oscar Ponce; 4) Assistant United States Attorney Mervyn M. Mosbacker. Cisneros also seeks "[a]ny and all evidence of interviews by Government agents with Daniel Garza". Specifically, Cisneros states that "the Government knew that, without some alteration in Garza's testimony from his pretrial statements, it would fail to prove beyond a reasonable doubt the existence of phone calls that could provide the jurisdictional nexus."

## IV. **DISCUSSION**

Under the rules governing §2255 proceedings, Cisneros may "invoke the process of discovery available under Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." 28 U.S.C. § 2255 Rule 6(a); *United States of America v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004). The decision to grant discovery is left to the sound discretion of the district court. *East v. Scott*, 55 F.3d 996 (5th Cir. 1995).

Here, Cisneros requests the depositions of the above-named individuals "[o]n the circumstances wherein Daniel Garza's accounts relevant to the jurisdictional nexus in the offense for which Cisneros was convicted changed between the final interview...[.]"[3] According to Cisneros, Garza's testimony differed from his initial interviews and his testimony at trial. Cisneros suggests that the depositions of the above-named individuals would establish the missing jurisdictional element for a murder-for-hire conviction.

In a panel opinion, the Fifth Circuit expressly concluded[4]

---

[3] Motion for Discovery and Memorandum of Law in Support, pp. 6; B-02-CV-191; Docket No. 9

[4] *United States v. Cisneros*, 203 F.3d 333, 344 (5th Cir. 2000).

"Given [Garza's] language difficulties, some confusion during the interview with [FBI special agent] Church would be expected....It is not [the Fifth Circuit's] province to become embroiled in a credibility debate between Church and Garza."

At trial, Garza was subjected to cross-examination. His testimony was evaluated by a jury which convicted Cisneros. *United States v. Gaytan*, 74 F.3d 545, 555 (5th Cir. 1996).

## V. CONCLUSION

In the exercise of discretion, this Court finds that there is no good cause to allow discovery. For the reasons stated herein, the court **DENIES** Cisneros's Motion for Discovery. (Docket No. 9).

DONE at Brownsville, Texas, this **16** day of **MAY**, 2005.

John Wm. Black
United States Magistrate Judge

-3-