United States District Court
Southern District of Texas
FILED

MAY 2 6 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Civil Action No. B-02-191 |
| V. | § | (Criminal No. B-98-124-01) |
| | § | |
| DORA CISNEROS | § | |

**CISNEROS' OBJECTIONS TO THE MAGISTRATE JUDGE'S
DENIAL OF HER MOTION FOR DISCOVERY,
AND
MOTION FOR RECONSIDERATION
OR, IN THE ALTERNATIVE,
MOTION FOR INTERLOCUTORY APPEAL
AND STAY OF PROCEEDINGS PENDING APPEAL**

**TO THE HONORABLE ANDREW S. HANEN, UNITED STATES DISTRICT JUDGE:**

Comes now Movant, DORA CISNEROS, by and through her attorney of record, David L. Botsford, and pursuant to Rule 59(e), 28 U.S.C. § 636(b)(1)(B) & (C), Federal Rules of Criminal Procedure and 28 U.S.C. § 1292(b),[1] timely[2] presents this her Objections[3] to the

---

[1] Discovery motions normally are not appealable. However, "[w]hen a district judge, in making in a civil action an order not otherwise appealable . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). The instant discovery motion should be resolved before the matter proceeds further; it will conserve resources and should be dispositive of a number of Cisneros' claims for relief.

[2] Pursuant to Rule 6, Federal Rules of Civil Procedure, intermediate weekend days and holidays are not counted toward the 10 day time period for filing Rule 59(e), 28 U.S.C. § 636(b)(1)(B), or 28 U.S.C. § 1292(b) objections and motions. This document is thus timely filed.

[3] In order to comply with this Court's local rules, on this date Mr. Botsford called counsel for the Government, James L. Turner, and informed him that these objections and motions would

Magistrate Judge's Denial of her Motion for Discovery, and Motion for Reconsideration, or, in the Alternative, Motion for Interlocutory Appeal and Stay Of Proceedings Pending Appeal, and in support thereof would respectfully show this Court the following:

## I.

On May 16, 2005, the Honorable John William Black, United States Magistrate Judge, denied Cisneros' Motion for Discovery. Cisneros is afforded the statutory right to "de novo determination of those portions of the" Magistrate's order "to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court is entitled to "accept, reject, or modify, in whole or in part" the Magistrate's order.

### The Crux of the Matter

The Magistrate's order, dated May 16, 2005, denying Cisneros' discovery motion, violates *Banks v. Dretke*, 124 S. Ct. 1256 (2004), which holds that discovery and a hearing are warranted when the Government has concealed exculpatory and/or impeaching evidence and the Movant otherwise meets the requirements of *Brady v. Maryland*, 373 U.S. 83 (1967).

The Magistrate's order implies that Cisneros' right to know of the Government's suppression of exculpatory and/or impeaching evidence totally depends upon the Government's willingness to reveal the suppression. Order Denying Motion for Discovery at 2-3 (suggesting that the harm caused by any Government suppression would be obviated by a defendant's opportunity to cross-examine the witness at trial and to have the jury evaluate the witness' testimony). The Magistrate gives the Government carte blanche to conceal material exculpatory evidence by denying Cisneros even a look at notes of Government agents who interviewed Daniel Garza within the time frame that Garza changed his testimony on critical matters necessary to

---

be filed. The Government's counsel wishes to be represented as "opposed."

afford the Government jurisdiction[4] to try Cisneros.

---

[4] As noted in Cisneros' discovery motion, in order to prove beyond a reasonable doubt the jurisdictional element of 28 U.S.C. § 1958, the Government had to try to prove use of a facility of foreign commerce through Daniel Garza's alleged "collect" phone calls from Mexico to Maria Martinez (as such calls were described in the so-far-disclosed February 5 and 18, 1998, FBI 302 reports) with the five year period of statute of limitations. Discovery Motion at 3-4.

Prior to trial, the Government became aware that the defense would be able to use phone records to prove Martinez received no collect calls from Garza from Mexico. This would have directly refuted the Government's jurisdictional nexus, raising reasonable doubt about Cisneros' guilt of the offense.

Between February 18, 1998 (the date that Garza was last interviewed by the Government, according to FBI 302 reports, to wit: a memorandum of interview), and May 11, 1998 (Garza's trial testimony), Garza changed his story to reflect that, although he *might* have called Martinez collect from Mexico, he *also* called her from phone booths in Mexico and retained no record of the calls. He also changed the time frame so that he *might* minimally/arguably place the alleged phone calls within the five year limitations period.

These very late changes in the Government's evidence neatly and conveniently met the Government's jurisdictional and evidentiary needs. They reek of potential Governmental misconduct. It is simply unbelievable that Garza was not interviewed between February 18, 1998, and his trial testimony: no competent prosecutorial team would have put Garza on the witness stand without preparing him and without confronting him with the fact that his "story" of having made collect telephone calls was not corroborated by Martinez' telephone records. Indeed, it is entirely unlikely that one or more of the prosecution team did NOT prepare Garza to testify and confront him with the evidence, thereby most likely discussing how Garza would handle the obvious impeachment on the witness stand. On information and belief, that member of the prosecution team was most likely Oscar Ponce, who had put Garza on the stand during Cisneros' state capital murder trial (which resulted in an acquittal on direct appeal) and who also conducted the direct examination of Garza during Cisneros' trial. See Trial Record beginning at 1351. Ponce may not have made notes of his trial preparation of Garza, but any and all notes from any agent who interviewed Garza in this critical time frame of February 18, 1998 to May 11, 1998, should be produced at a minimum. Depending upon that production, depositions may be necessary and/or appropriate.

It is likely that presently suppressed materials contain evidence that the Government had "actual knowledge" during trial of information that contradicted the trial testimony of its critical witness, Garza. *Banks*, 124 S. Ct. at 1264-65; *Strickler v. Greene*, 527 U.S. 263, 273-74 (1999). This likelihood is increased by the Government's production of no factual denials or arguments against materiality in its answer to Claims for Relief 7 and 8 in Cisneros' § 2255 Motion. *See* Discovery Motion at 6. This silence is more telling of the Government's real position than any false representation about disclosure of all relevant files would be. *Banks*, 124 S. Ct. at 1273; *Strickler*, 527 U.S. at 276, 282.

3

*Banks* holds that such a method, "thus declaring, 'prosecutor may hide, defendant must seek,' is not tenable in a constitutional system bound to accord defendants due process." *Banks*, 124 S. Ct. at 1275. Thus, the Magistrate's ruling violated due process by blocking Cisneros' very reasonable effort to prove her *Brady*-related issues, Claims for Relief Seven through Nine.[5]

Discovery for those claims is necessary, because it is impossible for Cisneros or this Court to know, indeed, if she can meet the requirements of *Brady*[6] without, at a minimum, the Government's release for her inspection of the evidence listed in paragraph 5 of the items she has shown "good cause" to receive:

> Any and all evidence of interviews by Government agents with Daniel Garza, including but not limited to, [Assistant United States Attorneys Oscar Ponce and Mervyn M. Mosbacker] and [FBI Special Agents Freddy Vela and David Church], conducted between February 18, 1998, and June 12, 1998 (thirty days after [Daniel] Garza's trial testimony), including, but not limited to production of all rough notes, reports of interviews, documentation reflecting that Garza was obtained from the custody of the United States Marshal for interviews on any particular day or days, video or audio tape recordings of such interviews, data stored on computer hard drive, floppy disk, or CD rom, and any other kind of recording or documentation relating to the date or dates that Daniel Garza was interviewed by any member of the FBI and/or any member of the United States

---

[5] Discovery of the process whereby Daniel Garza changed his story from "collect calls" outside the limitations period for murder for hire to calls from "casetas" within the limitations period should disclose material exculpatory and/or impeachment evidence that was suppressed (i.e., not disclosed to the defense prior to Garza's testimony at trial, and that still has not been disclosed). It might also additionally support findings of *Strickland* deficient performance and prejudice, in support of Cisneros' claims of ineffective assistance of trial counsel in regard to the cross-examination of Garza, as alleged in Cisneros' motion to vacate.

[6] According to the Supreme Court in *Strickler*, a *Brady* claim has three elements: (1) the evidence must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the Government, either willfully or inadvertently; and (3) prejudice must have ensued. *Banks*, 124 S. Ct. at 1272 (describing *Strickler*, 527 U.S. at 281-82). The instant suppression likely is "knowing" rather than inadvertent. Thus, a lower threshold for materiality would apply. The knowing use of false evidence or testimony requires a new trial where there is a reasonable likelihood that the false evidence or testimony *could have* affected the judgment of the jury. *United States v. Agurs*, 437 U.S. 97, 103 (1976); *Napue v. Illinois*, 360 U.S. 264 (1969).

4

> Attorney's Office for the Southern District of Texas, whether in Brownsville and/or McAllen, Texas (where pretrial hearings and jury selection were conducted) or in Houston, Texas (where the trial was moved to after an aborted attempt to select a jury in McAllen), or anywhere in between the valley and the greater Houston area.

Discovery Motion at 7.

The instant case presents circumstances supporting more than a mere suspicion that a prosecutorial misstep has occurred. *Banks*, 124 S. Ct. at 1275. More than sufficient good cause is shown for discovery, because it is clear that undisclosed interviews between Government agents and Garza could raise a reasonable doubt about an intentional creation of the jurisdictional nexus and, thus, a reasonable doubt regarding existence of the elements of the offense. *Harris v. Nelson*, 394 U.S. 286, 299 (1969) (good cause shown when petitioner proves he is entitled to relief if the facts are fully developed). Speculation that material evidence within such disclosure could be explained away by "language difficulties" between the agents and Garza merely violates Cisneros' right to the disclosure. Order Denying Motion for Discovery at 2-3 (quoting one of two vacated Fifth Circuit opinions, *United States v. Cisneros*, 203 F.3d 333, 344 (5th Cir. 2000); *United States v. Cisneros*, 194 F.3d 626, 636 (5th Cir. 1999). *See United States v. Manges*, 110 F.3d 1162, 1173 (5th Cir. 1997) (holding that once rehearing en banc is granted, the panel decision is vacated and of no precedential value). Certainly, the disclosure could prove that it is *not* "legally supportable" to conclude the calls were made within the required limitations period. *Cisneros*, 203 F.3d at 344; 194 F.3d at 636.

WHEREFORE, PREMISES CONSIDERED, Cisneros reasserts that she has demonstrated that she is entitled to discovery that is necessary for a fair and rounded development of the material facts. She respectfully moves this Court to grant her Motion for Discovery, ordering discovery as appropriate and conducting, if necessary, an evidentiary hearing to resolve any

5

remaining contested issues of material fact upon completion of discovery, and grant her any other relief to which she may be entitled, including an interlocutory appeal to the United States Court of Appeals for the Fifth Circuit.

Respectfully submitted,

_____
DAVID L. BOTSFORD
State Bar No. 02687950
Law Office of David L. Botsford
1307 West Ave.
Austin, Texas 78701
512-479-8030 (phone)
512-479-8040 (fax)

A. J. "TONY" CANALES
State Bar No. 03737000
P.O. Box 5624
Corpus Christi, Texas 78465-5624
361-883-0601 (phone)
361-884-7023 (fax)

**Certificate of Service**

I, David L. Botsford, do hereby certify that true and correct copies of the above and foregoing document have been served by placing the same in the United States mail, postage prepaid, on this the 25th day of May, 2005, addressed to Mr. James L. Turner, Assistant United States Attorney, P.O. Box 61129, Houston, Texas, 77208-1129.

_____
DAVID L. BOTSFORD

6