IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DORA CISNEROS,<br>    Petitioner, | §<br>§<br>§ | |
| V. | §<br>§ | Criminal No. B-98-124-01<br>Civil Action No. B-02-191 |
| UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§<br>§ | |

**ORDER GRANTING PETITIONER A
CERTIFICATE OF APPEALABILITY**

Before the Court is Petitioner's Application To The District Court For Certificate Of Appealability. Having considered the Application, the Court hereby GRANTS Petitioner a certificate of appealability as to all nine (9) issues contained therein. The Court finds the following:

Rule 22(b), Federal Rules of Appellate Procedure, provides that when an "applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. Proc. 22(b) (1) (2004). The certificate or statement is then forwarded to the appellate court along with the notice of appeal and file of proceedings in the district court. *Id.*; *see United States v. Young blood*, 116 F.3d 1113, 1114 (5th Cir. 1997) (finding that district court must make first finding on certificate of appealability).

The standard for obtaining a certificate of appealability is identical to the standard for the former certificate of probable cause to appeal. *Slack v. McDonnell*, 120 S.C. 1595, 1603 (2000) ("§ 2253 is a codification of the CAC standard announced in *Barefoot v. Estelle*, 463 U.S., at 894, 103 S.C. 3383."). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2004). In addition, the certificate must "indicate which specific issue or issues satisfy" this standard. 28 U.S.C. § 2253 (c)(3). According to the Supreme Court, a petitioner need not show a likelihood of prevailing on the merits to obtain a certificate. *Barefoot*, 463 U.S. at 893. Rather, a certificate should issue if the petitioner can show that "the issues are debatable among jurists of reason; that a court ***could*** resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (citations and

internal quotation marks omitted, emphasis in original).

The Supreme Court's emphasis (on *could*) indicates that a petitioner need not show that any other court in fact *has resolved* the issues differently. He must only suggest a basis upon which the issues *could* be resolved differently by reasonable jurists. "[A] claim can be debatable even though every jurist of reason might agree, after the C.A. has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El v. Cockerel*, 537 U.S. 322, 338 (2003). "The question is the debatability of the underlying claim, not the resolution of that debate." *Id*. at 342. The importance of an issue or the fact that it is one of first impression may also mean that it qualifies for a certificate of appealability because it "deserve[s] encouragement to proceed further." *Barefoot*, *supra*; *Houston v. Lack*, 487 U.S. 266, 269 (1988). In essence, a certificate of appealability "generally should indicate that an appeal is not legally frivolous." *Barefoot*, 463 U.S. at 894; *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995) (same, citing *Barefoot*). This Court should grant certificate of appealability unless the issue is "squarely foreclosed by statute, rule, or authoritative court decision, or is lacking any factual basis in the record of the case." *Barefoot*, 463 U.S. at 894

Based on the foregoing standards, a Certificate of Appealability should issue as to all nine issues, to wit:

**First C.A. Issue: Whether a reasonable jurist could find that Cisneros was denied her rights to due process and a meaningful appeal by the Fifth Circuit's failure to restore those parts of its second panel decision not inconsistent with its holding in *Marek* (i.e., CLAIMS FOR RELIEF NO. 1 through 5 of the Section 2255 Motion);**

**Second C.A. Issue: Whether a reasonable jurist could find that the evidence upon which Cisneros was convicted is legally insufficient, in violation of her right to due process under the Fifth Amendment;**[1]

**Third C.A. Issue: Whether a reasonable jurist could find that this Court erred by denying Cisneros' requested instruction on the statute of limitations;**[2]

**Fourth C.A. Issue: Whether a reasonable jurist could find that the alleged jurisdictional nexus (i.e. Garza's alleged calls from Mexico or the car crossing) had an insufficient relationship to the alleged murder for hire scheme to satisfy the jurisdictional element (both as to Causation**

---

1  This COA Issue incorporates CLAIMS FOR RELIEF NOS. 1 and 5 of the Section 2255 Motion.

2  This C.A. Issue incorporates CLAIM FOR RELIEF NO. 5 of the Section 2255 Motion.

and as to in furtherance and/or facilitation).[3]

**Fifth C.A. Issue:** Whether a reasonable jurist could find that Cisneros was denied her Fifth and Sixth Amendment rights to due process, a jury trial, and a reliable jury verdict because the jury was not instructed (or, if instructed in the legal sense, not adequately instructed) on "causation" *and* whether the foreign commerce had to "facilitate" or "be in furtherance" of the alleged murder for hire scheme, two essential components of the first element of the offense (both as to the causation instruction and as to the required relationship Instruction);[4]

**Sixth C.A. Issue:** Whether a reasonable jurist could find that Cisneros was denied her right to due process by the prosecution's non-disclosure of the sequence of events surrounding Daniel Garza's gross modification of his story (as reflected by comparing his statements to the FBI on February 5 and 18, 1998, to his testimony on May 11, 1998, at Cisneros' trial) and/or by the prosecution's use of Daniel Garza's false testimony and creation of a false impression for the jury utilizing that testimony (i.e., Claims for Relief 7 and 8);

**Seventh C.A. Issue:** Whether a reasonable jurist could find that Cisneros was denied her right to effective assistance of trial counsel, as guaranteed by the Sixth Amendment to the Constitution of the United States, by her trial counsels' acts and omissions (i.e., Claim For Relief 9);

**Eighth C.A. Issue:** Whether a reasonable jurist could find that Cisneros was denied her right to effective assistance of appellate counsel, as guaranteed by the Sixth Amendment to the Constitution of the United States, by her appellate counsels' acts and omissions (i.e., Claim For Relief 10); and

**Ninth C.A. Issue:** Whether a reasonable jurist could find that this Court abused its discretion in denying Cisneros expansion of the record through discovery and an evidentiary hearing.

Signed this ___ day of _____, 2007.

_____
Andrew S. Hanen
United States District Judge

---

3  This COA Issue includes CLAIMS FOR RELIEF NOS. 1 and 2 of the Section 2255 Motion.

4  This C.A. Issue includes CLAIMS FOR RELIEF 3, 4, and 6 of the Section 2255 Motion.