**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**—BROWNSVILLE DIVISION—**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL NO. B-02-191 |
| | § | |
| DORA CISNEROS | § | |

## ORDER

The Magistrate Judge's Report and Recommendation of April 4, 2007 (Doc. No. 28), is hereby **ADOPTED** and Petitioner's Application for a Certificate of Appealability (Doc. No. 26) is **DENIED**. Although the Report and Recommendation sufficiently addresses issues one through six, eight and nine, the Court writes to expound on issue seven in light of Dora Cisneros' ("Cisneros") Objections (Doc. No. 29).

The Seventh Certificate of Appealability Issue is ineffective assistance of trial counsel. This Court previously adopted the Magistrate Judge's Report and Recommendation that Cisneros' petition be denied because the alleged ineffective assistance of trial counsel involved acts/omissions that were tactical or strategic decisions, which fall into the wide range of objectively reasonable professional assistance.

The *Strickland* test involves a performance component as well as a prejudice component. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Cisneros argues that the performance prong of the *Strickland* test is met because her attorney has admitted that "*no strategy* was involved in their failure to specifically object to this Court's denial of the causation and jurisdictional nexus instructions 'counteract' the *Strickland* presumption." (Doc. No. 29 at 15) (emphasis original).

Cisneros notes that "[n]o court owes deference to any judgment made by counsel that 'no reasonable trial counsel would have engaged in." (Doc. No. 26) (citing *Vasquez v. State*, 830 S.W.2d 948, 951 (Tex. Crim. App. 1992)). Cisneros misses the point of the Magistrate Judge's Report and Recommendation. The instant case presents a situation where the acts/omissions complained of *could* have been based upon a strategic decision, which very well may have been the best decision under the circumstances. The fact that trial counsel may be willing to state, after the fact, that there was no strategic decision involved does not change the fact that in this case the conduct falls within the range of reasonable performance. If a petitioner could overcome *Strickland's* performance prong by merely alleging the mental inner workings of their attorney were not strategic, but the result of a "non-strategic" decision, the performance prong of *Strickland* would be rendered meaningless. Thus, counsel's willingness to state, after an adverse result, that a certain decision was not strategic does not change the fact that the decision would have comported with an acceptable standard of conduct regardless of whether it was the result of trial strategy. Furthermore, a Court is not bound by an attorney's later comments on whether certain decisions were strategic in ruling on a Certificate of Appealability. *United States v. Battle*, 291 F. Supp. 2d 1367, 1382 (N.D. Ga. 2003).

The true question of whether a decision by counsel was appropriate under *Strickland* is whether it "could have been" a strategic decision. *See, e.g., Neville v. Dretke*, 423 F.3d 474, 483 (5th Cir. 2005). That is, regardless of whether the decisions of Cisneros's counsel were truly strategic, the acts/omissions did not fall below an objective standard of reasonableness under prevailing professional norms. There is no evidence that counsel's performance was not reasonable.

> That trial counsel have expressed vague and subjective opinions that their investigation was insufficient in certain respects or that it never occurred to them to investigate certain areas or that they were disorganized is entitled to little weight. Objectively speaking, the quality and breadth of the investigation conducted by trial

>counsel in this case so easily satisfies the *Strickland* test that it cannot be said that it would be debatable among jurists of reason whether Defendant's counsel conducted a competent investigation.

*Battle*, 291 F. Supp. 2d at 1367. Likewise, here the record is replete with counsels' efforts on Cisneros' behalf such that it cannot be debated among reasonable jurists that their performance was not competent. "Deficient performance is determined by examining whether the challenged representation fell below an objective standard of reasonableness under prevailing professional norms." *Neville*, 423 F.3d at 482 (citing *Rampilla v. Beard*, 545 U.S. 374 (2005)). Counsel clearly exceeded this standard of reasonableness. Counsel suggest that we are bound by their subjective representation of ineffectiveness, but the Fifth Circuit has, in the past, found effectiveness in the face of sworn affidavits. *See, e.g., Glass v. Blackburn*, 791 F.2d 1165, 1170 (5th Cir. 1986).

Finally, even if Cisneros could meet the performance prong of *Strickland*, the evidence is certainly insufficient to show there was prejudice. *See id.* at 1170-71 (holding that petitioner failed to meet the prejudice prong without deciding whether affidavits of trial counsel stating that their failure to call potential witnesses was not the result of a strategic decision met the performance prong).

For the reasons stated above and for the many reasons set out in the Report and Recommendations, the Court agrees with the conclusion of the Magistrate Judge and hereby denies Cisneros' Application for Certificate of Appealability (Doc. No. 26).

Signed this 19th day of June, 2007.

_____
Andrew S. Hanen
United States District Judge