# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 06-41686
USDC No. 1:02-CV-191
USDC No. 1:92-CR-124-1

U.S. COURT OF APPEALS
FILED
MAY 28 2008
CHARLES R. FULBRUGE III
CLERK

United States District Court
Southern District of Texas
FILED
JUN - 2 2008
Michael N. Milby, Clerk of Court

UNITED STATES OF AMERICA

　　　　　　　　　　　　　　　Plaintiff-Appellee

v.

DORA GARCIA CISNEROS

　　　　　　　　　　　　　　　Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

O R D E R:

　　Federal prisoner Dora Garcia Cisneros was convicted in 1998 of the federal offense of "murder for hire," in violation of 18 U.S.C. § 1958. She now seeks a certificate of appealability (COA) to appeal the denial of her 28 U.S.C. § 2255 motion challenging that conviction.

　　A COA may issue only if Cisneros "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court has denied relief on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied relief on the merits, the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

Cisneros's first four claims in the COA application concern the propriety of this court's second panel decision in her direct appeal and this court's subsequent en banc decision affirming her conviction. She argues that (1) she was denied due process and meaningful appellate review because the en banc court did not expressly reinstate portions of the second panel decision, (2) the second panel decision incorrectly resolved her sufficiency-of-the-evidence claim, (3) the second panel decision erroneously held that her requested jury instruction on limitations was not necessary, and (4) the second panel decision incorrectly decided issues involving the type of causation necessary under § 1958 and the district court's denial of her requested jury instructions.

Cisneros also argues that the district court erroneously found procedurally barred her claims that (5) the jury was not instructed on the causation and "furtherance" elements of the offense and (6) the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959), when presenting a witness whose testimony differed from his pretrial statements. Cisneros further argues that (7) trial counsel rendered ineffective assistance, including failing to adequately cross-examine witnesses to show a lack of jurisdictional nexus from the telephone calls and failing to request proper jury instructions, (8) appellate counsel rendered ineffective assistance, and (9) the district court abused its discretion by denying her motion for discovery and denying an evidentiary hearing.

Cisneros fails to show that reasonable jurists would disagree with the district court's resolution of her claims or that her issues deserve encouragement

2

No. 06-41686

to proceed further. *See Slack*, 529 U.S. at 484. Accordingly, the request for a COA is DENIED.

                                              *Thomas M. Reavley*
                                              THOMAS M. REAVLEY
                                              UNITED STATES CIRCUIT JUDGE

3